# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

08-cv-01136-REB-MEH

RAJU BOPARDIKAR,

    Plaintiff,

v.

MORGAN STANLEY & COMPANY INCORPORATED,

    Defendants.

## ORDER STAYING ARBITRATION PROCEEDINGS

**Blackburn, J.**

    The matter before me is **Plaintiff's Motion for Order Staying Arbitration** [#4], filed June 9, 2008. As I ordered, the defendant filed a response [#11], and the plaintiff filed a reply [#12]. On June 25, 2008, I conducted a hearing on the plaintiff's motion. The plaintiff, the defendant, and their counsel appeared at the hearing and participated actively. I grant the plaintiff's motion to stay.

    The defendant, Morgan Stanley, has brought a claim against the plaintiff, Raju Bopardikar. Morgan Stanley is pursuing its claim as a claim subject to arbitration. *Complaint* [#1], filed May 29, 2008, Exhibit A (Statement of Claim). Arbitration proceedings on Morgan Stanley's claim are set to begin in Denver, Colorado, on June 30, 2008. The plaintiff seeks a stay of these arbitration proceedings.

    The plaintiff seeks relief, *inter alia*, under 9 U.S.C. § 4, part of the Federal Arbitration Act (FAA). Section 4 concerns enforcement of agreements to arbitrate. It is undisputed that the parties have executed two written contracts, certain terms of which

are at issue in this case. The parties refer to those contracts as the Margin Agreement and the Client Agreement. *Statement of Claim*, Exhibit A (Margin Agreement) and Exhibit B (Client Agreement). Morgan Stanley argues that a term in the Client Agreement requires that its claim against Bopardikar be arbitrated. *Client Agreement*, ¶ 15. Bopardikar argues that different terms in both the Client Agreement and in the Margin Agreement permit Bopardikar to determine, at his option, whether Morgan Stanley's claim is to be resolved by litigation or by arbitration. *Client Agreement*, ¶ 15; *Margin Agreement*, ¶ 12.

The fundamental issue in a proceeding under § 4 is whether there is a valid agreement to arbitrate. If there is a valid agreement to arbitrate, then the court must direct the parties to proceed to arbitration. Conversely, if there is not a valid agreement to arbitrate, then the court cannot require arbitration. Having reviewed carefully the contract terms at issue here as well as the evidence adduced, arguments advanced, and authorities cited by the parties at the hearing and in their papers, I conclude that there are genuine issues of material fact and law concerning the validity and enforceability of the mandatory arbitration clause, which Morgan Stanley is, in effect, seeking to enforce against the plaintiff. Further proceedings are necessary to resolve these issues. **See, e.g., Tinder v. Pinkerton Security**, 305 F.3d 728, 735 (7th Cir. 2002) (In proceeding under § 4, when party opposing arbitration presents evidence demonstrating triable issue of fact, court must proceed to summary trial).

The essential mandate of § 4 is that arbitration will be required when the parties have a valid agreement to arbitrate, and arbitration will not be required when there is no valid agreement to arbitrate. Further, § 4 provides procedures that must be followed

when a court is asked to determine whether or not a party is required to arbitrate. In this case, those procedures are not yet complete. If I do not stay the arbitration set to begin in this case on June 30, 2008, then Bopardikar will be required to arbitrate before the required § 4 procedures are complete and before a proper determination of Bopardikar's obligation to arbitrate has been completed. A stay of the arbitration set to begin in this case on June 30, 2008, is required to ensure compliance with the mandates of § 4.[1]

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Motion for Order Staying Arbitration** [#4], filed June 9, 2008, is **GRANTED**;

2. That the pending arbitration proceeding that is the subject of the Statement of Claim, *Complaint* [#1], filed May 29, 2008, Exhibit A (Statement of Claim), is **STAYED** pending further order of this court; and

3. That as soon as practicable, the court **SHALL ISSUE** an order providing for the scheduling of a summary trial and for the scheduling of any necessary pretrial procedures.

Dated June 26, 2008, at Denver, Colorado.

                                            **BY THE COURT:**

                                            **s/ Robert E. Blackburn**
                                            **Robert E. Blackburn**
                                            **United States District Judge**

---

[1] I reach the same result after weighing and balancing the quadripartite factors necessary to sustain a preliminary injunction under Fed.R.Civ.P. 65.