IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 08-cv-01136-REB-MEH

RAJU BOPARDIKAR,

    Plaintiff,

v.

MORGAN STANLEY & COMPANY INCORPORATED,

    Defendants.

## ORDER DENYING MOTION TO DISMISS

**Blackburn, J.**

The matter before me is **Defendant's Motion To Dismiss Under Fed. R. Civ. P. 12(b)(3) and Fed. R. Civ. P. 12(b)(1)** [#10], filed June 17, 2008. The plaintiff filed an "interim response" [#13], on June 24, 2008. On June 25, 2008, I conducted a hearing on plaintiff's motion to stay arbitration. On June 26, 2008, I issued an order [#15] staying the arbitration proceedings that are the subject of this case. At the June 25, 2008, hearing, I also heard argument concerning the issue of venue that was raised in the defendant's motion to dismiss.

The plaintiff filed this case seeking an order staying arbitration proceedings concerning a claim the defendant is asserting against the plaintiff. In addition, the plaintiff seeks a judgment declaring that the plaintiff is not obligated to arbitrate the dispute between the parties. The arbitration proceedings in question were set to begin in Denver, Colorado, on June 30, 2008. The defendant argues that the plaintiff's complaint must be dismissed for lack of subject matter jurisdiction, under Fed. R. Civ.

P. 12(b)(1), and for improper venue, under Fed. R. Civ. P. 12(b)(3). I deny the motion to dismiss.

## I. JURISDICTION

The defendant argues that this case must be dismissed for lack of subject matter jurisdiction. The plaintiff asserts that this court has diversity jurisdiction over this case under 28 U.S.C. § 1332. The parties are citizens of different states. The defendant asserts that this court lacks diversity because the matter in controversy does not exceed the sum of $75,000, as required by § 1332. The plaintiff seeks to stay arbitration proceedings initiated by the defendant against the plaintiff. The subject of the arbitration proceedings is the defendant's effort to collect $100,000 that the defendant allegedly loaned to the plaintiff in January, 2001, plus over $43,000 in accrued interest. *Complaint* [#1], filed May 29, 2008, Exhibit A (Statement of Claim), pp. 3 - 4.

In a case in which a party seeks to compel arbitration, the amount in controversy requirement of § 1332 is evaluated by looking "through to the possible award resulting from the desired arbitration to determine the amount in controversy." **Woodmen of the World Life Ins. Society v. Manganaro**, 342 F.3d 1213 (10th Cir. 2003) (quotation and citation omitted). The present case concerns an effort to stay arbitration proceedings under 9 U.S.C. § 4, part of the Federal Arbitration Act. Section 4 is the statute under which parties generally seek to compel arbitration by filing suit in federal court. Although the plaintiff in this case seeks to stay arbitration rather than to compel arbitration, the analysis of **Manganaro** is still applicable because the issue is still the same: whether arbitration is contractually required? According to the defendant, the possible award resulting from the desired arbitration is $143,288.35, which is well in excess of the $75,000 threshold required by § 1332. *Complaint* [#1], filed May 29,

2008, Exhibit A (Statement of Claim), pp. 3 - 4.

I find and conclude that there is complete diversity of citizenship between the parties and that the amount in controversy is well in excess of $75,000, exclusive of costs and interest.  Therefore, I conclude that I have diversity jurisdiction under 28 U.S.C. §1332.  I note also that, because the plaintiff appears to seek relief under 9 U.S.C. § 4, I also have federal question jurisdiction under 28 U.S.C. § 1331.

## II.  VENUE

The underlying dispute in this case is regulated by two contracts executed by the parties.  The parties refer to those contracts as the 'Margin Agreement" and the "Client Agreement."  *Statement of Claim*, Exhibit A (Margin Agreement) and Exhibit B (Client Agreement).  Both contracts contain venue selection provisions that require that litigation of any dispute between the parties be instituted in certain courts in the state of New York.  *Margin Agreement*, ¶ 14; *Client Agreement*, ¶ 15.  The agreements do not specify the location or venue of any arbitration proceedings instituted under the agreements.

In his motion for an order staying the arbitration proceedings, the plaintiff relies, *inter alia*, on Section 4 of the FAA, 9 U.S.C. § 4.  Section 4 of the FAA generally concerns petitions to compel arbitration.  Many courts read the language of § 4 to limit the proper venue for a petition to compel arbitration to the federal district in which the controlling agreement requires the arbitration to be conducted.  **See, e.g., Roe v. Gray**, 165 F.Supp. 2d 1164, 1171 - 1174 (D. Colo. 2001) (citing cases).  In this case, the controlling agreements do not specify a location for arbitration.  However, the parties indicated at the June 25, 2008, hearing that Denver, Colorado, had been chosen as the location of the arbitration under the applicable rules of the Financial Industry Regulatory

Authority (FINRA).

In *Roe v. Gray*, the Honorable Lewis T. Babcock, Senior United States District Judge for the District of Colorado, concluded that "if an arbitration agreement contains a forum selection clause, only the district court in that forum can issue a § 4 order compelling arbitration." 165 F. Supp. 2d at 1173. I agree with Judge Babcock's well reasoned analysis of the venue limitations inherent in § 4. Applying his ratiocination, if the defendant in the present case had sought to file a petition to compel the plaintiff to submit to arbitration, then the defendant would have been required to file its petition in the District of Colorado, because Denver, Colorado, is the locus of the arbitration. Proceeding under § 4, the plaintiff seeks a stay of the arbitration and a determination that he is not obligated to arbitrate the underlying dispute, which is the opposite of an order compelling arbitration. Considering the inherent venue limitations of § 4, as detailed in *Roe v. Gray*, I conclude that the District of Colorado is the only proper venue for either the plaintiff or the defendant to seek relief under § 4 either compelling or staying the arbitration in question here.

### III. ORDER

**THEREFORE, IT IS ORDERED** that the **Defendant's Motion To Dismiss Under Fed. R. Civ. P. 12(b)(3) and Fed. R. Civ. P. 12(b)(1)** [#10], filed June 17, 2008, is **DENIED**.

Dated July 1, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**